IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD DEE YOUNG,<br><br>    Petitioner,<br><br>    v.<br><br>CHARLES SCHUYLER,<br><br>    Respondent. | No. 2:24-CV-0157-DJC-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the Court is Respondent's motion to dismiss. See ECF No. 15. Petitioner has filed an opposition. See ECF No. 18. Respondent has filed a reply. See ECF No. 19. For the reasons discussed below, the Court agrees with Respondent that this action must be dismissed as a second or successive petition filed without leave of the Ninth Circuit Court of Appeals.

### I. BACKGROUND

This action proceeds on Petitioner's original petition. See ECF No. 1. Petitioner challenges an August 1990 murder conviction in Solano County Superior Court case no. C367679. See id. at 1. As to prior habeas petitions challenging this conviction, whether filed in state or federal court, Petitioner indicates that he filed one such petition in the Solano County

Superior Court, which was denied in April 2023. See id. at 1-2. Petitioner does not identify any prior federal petitions. In the current action, Petitioner raises the following claims: (1) ineffective assistance of trial counsel; (2) prosecutorial misconduct; and (3) trial court error in denying a competency hearing. See id. at 4.

Based on federal court records, which this Court may judicially notice, see Fed. R. Evid. 201, U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008), Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967), Respondent outlines the following procedural history of Petitioner's additional filings:

> On July 25, 1994, petitioner filed a federal habeas petition challenging his conviction in the Northern District of California. *Young v. White*, N.D. Cal. Case No. 3:94cv2663 FMS at Dkt. No. 1. On July 28, 1994, a Northern District judge ordered the case transferred to the Eastern District of California. *Id.* at Dkt. No. 3.
> On August 2, 1994, the matter was opened in the Eastern District of California. *Young v. White, et. al*, E.D. Cal. Case No. 2:94cv1235 DFL-JFM at Dkt. No. 1. After receiving an answer, traverse, and additional material, on December 13, 1996, the magistrate judge issued a report and recommendation that the petition be denied. *Id.* at Dkt. Nos. 6, 7, 11, 17, 18, 22. On March 5, 1997, the district judge adopted the findings and recommendations in full and entered judgment. *Id.* at Dkt. Nos. 24 & 25. Petitioner appealed. *Id.* at Dkt. No. 26. The district court and Ninth Circuit declined to issue a certificate of appealability. *Id.* at Dkt. Nos. 28, 32.
> On March 20, 2007, petitioner filed a first amended habeas petition in the Eastern District of California. *Young v. Kernan*, E.D. Cal. Case No. 2:06cv2873 WBS-EFB at Dkt. No. 9. Respondent filed a motion to dismiss the petition as second or successive. *Id.* at Dkt. No. 13. On August 28, 2008, the magistrate judge issued a report and recommendation that the motion be granted. *Id.* at Dkt. No. 20; *Young v. Kernan*, 2008 WL 3978098 (E.D. Cal. Aug. 28, 2008). On September 25, 2008, the district judge adopted the findings and recommendations in full, granted the motion to dismiss, and entered judgment. *Young v. Kernan*, 2008 WL 4380447, at *1 (E.D. Cal. Sept. 25, 2008).

ECF No. 15, pgs. 2-3.

The Court accepts this summary.

/ / /

/ / /

/ / /

/ / /

/ / /

## II. DISCUSSION

Under 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed." Under § 2244(b)(2), "[a] claim presented in a second or successive habeas corpus application . . . that was not presented in a prior application shall be dismissed. . . ." unless one of two circumstances exist. Either the newly raised claim must rely on a new rule of constitutional law, or the factual predicate of the new claim could not have been discovered earlier through the exercise of due diligence and the new claim, if proven, establishes actual innocence. See id. Before a second or successive petition can be filed in the district court, however, the petitioner must first obtain leave of the Court of Appeals. See 28 U.S.C. § 2244(b)(3). In the absence of proper authorization from the Court of Appeals, the district court lacks jurisdiction to consider a second or successive petition and must dismiss it. See Cooper v. Calderon, 274 F.3d 1270 (9th Cir. 2001) (per curiam).

A second petition can only be successive of a prior petition which has been decided on the merits. See Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008). A decision on the merits occurs if the district court either considers and rejects the claims or determines that the claims will not be considered by a federal court. See Howard v. Lewis, 905 F.2d 1318, 1322-23 (9th Cir. 1990). The mere fact that a petitioner has previously filed a habeas petition relating to the same conviction does not necessarily render a subsequent petition "second or successive." Hill v. Alaska, 297 F.3d 895, 898 (9th Cir. 2002). A habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits in an earlier petition. See McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009); see also Cooper, 274 F.3d at 1273.

Respondent argues:

> Here, the magistrate judge and district judge considered petitioner's first habeas petition and rejected all of his claims on the merits, and the district court and Ninth Circuit declined to issue a certificate of appealability. *Young v. Kernan*, 2008 WL 3978098, at *1; *Young v. White, et. al*, E.D. Cal. Case No. 2:94cv1235 DFL-JFM at Dkt. Nos. 28, 32. The district court dismissed a second petition filed by petitioner as second or successive. *Young v. Kernan*, 2008 WL 4380447,

at *1.

In his present petition, petitioner once again raises claims of error in his 1990 trial. Petitioner did not apply for authorization to the Ninth Circuit Court of Appeals to file the present second or successive petition. He must take this step before this Court has jurisdiction to consider it. *See* § 2244(b)(3)(A) and (B); *Burton v. Stewart*, 549 U.S. 147, 153 (2007); *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018).

ECF No. 15, pgs. 3-4.

Respondent's argument is persuasive. This Court previously adjudicated the merits of claims related to Petitioner's 1990 conviction in Young v. White. Petitioner's current claims of ineffective assistance of trial counsel, prosecutorial misconduct, and trial court error all could have been raised and adjudicated in the context of that prior case. Because Petitioner has not obtained leave from the Ninth Circuit Court of Appeals to file the instant second or successive petition, it must be dismissed.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that Respondent's motion to dismiss, ECF No. 15, be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 30, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE